UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ROBERT LEROY BROWN,
            *Defendant-Appellant.*

No. 00-4324

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-99-232-L)

Submitted: October 17, 2000

Decided: October 30, 2000

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Sasha Natapoff, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Lisa M. Turner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A routine traffic stop by a Baltimore City police officer led to Robert Leroy Brown's conviction for possession of a firearm by a convicted felon. *See* 18 U.S.C.A. § 922(g) (West Supp. 2000). Brown's motion to suppress evidence seized at the time of his arrest was denied. He then pled guilty and the court sentenced him to fifty-seven months in prison. Brown timely appealed, claiming that there was not probable cause to arrest him and that the search under the hood of his car was improper. We find that there was probable cause to arrest Brown and that the search under the hood of his car, which ultimately revealed a firearm, was proper. Consequently, we affirm his conviction.

Brown was stopped by a police officer on April 26, 1999, after he drove through a stop sign and traveled the wrong way down a one-way road. Throughout the stop, Brown behaved belligerently. The officer asked for Brown's driver's license and vehicle registration. Brown reluctantly handed over his license. The police dispatcher reported to the officer that Brown's license was valid, but that there was a possible outstanding warrant. Meanwhile, the officer had placed the driver's license on top of Brown's car and it slid under the hood. Brown refused to open the hood so the officer could retrieve the license. Instead, he handed the officer a learner's permit that had someone else's name on it. The officer arrested Brown and then looked under the hood of the car for the driver's license where he found not only the license, but also a firearm. Brown was subsequently convicted of possession of a firearm by a convicted felon. *See* 28 U.S.C.A. § 922(g).

Brown does not dispute that he drove the wrong way down a one-way street and failed to stop at a stop sign. Nor does he claim that the initial traffic stop was impermissible. He claims, however, that his warrantless arrest was improper. We disagree.

Under Maryland law, a police officer may make a warrantless arrest of a suspect who commits a moving violation and then fails to furnish satisfactory identification. *See* Md. Code Ann. Transp. II § 26-

202(a)(2)(i) (1998). In this case, Brown presented his valid Maryland driver's license to the officer, but it slipped under the car hood. The officer asked Brown to open the hood so he (the officer) could retrieve the license in order to use the information on the license to issue a citation. Brown refused to open the hood. Instead, he gave the officer a learner's permit with someone else's name on it. We find that under these circumstances, there was probable cause to arrest Brown for violating § 26-202(a)(2)(i).

Brown argues that, under *Benbow v. State*, 587 A.2d 1110 (Md. 1991), he furnished satisfactory proof of his identity and therefore his arrest was not legal. However, unlike the situation in *Benbow*, Brown provided contradictory evidence concerning his identity and there was no undisputed evidence that the arresting officer personally knew him.

Finally, we find no merit to Brown's claim that the search under the hood of his car was improper. The arresting officer knew that evidence of a crime, namely, possession of more than one driver's license, could be found under the hood of Brown's car. Consequently, he had probable cause to search under the hood for the driver's license where he then found the gun that formed the basis of Brown's 18 U.S.C. § 922(g) conviction. *See Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (allowing warrantless search of car if there is probable cause to believe car contains evidence of crime).

For these reasons, we affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*